**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON**

**CRIMINAL ACTION NO. 06-84-DLB**

**UNITED STATES OF AMERICA                                                                PLAINTIFF**

**VS.            ORDER ADOPTING REPORT AND RECOMMENDATION**

**TERRENCE TYRONE SMITH                                                                 DEFENDANT**

*******************************

This matter is before the Court upon the Report and Recommendation (R&R) of the United States Magistrate Judge (Doc. # 41), wherein he recommends that the Court deny Defendant's Motion to Suppress evidence seized pursuant to an April 25, 2005 traffic stop in Perry County. Defendant has filed objections to the R&R (Doc. # 49). Thus, the R&R and the objections thereto, which are reviewed *de novo*, are now ripe for the Court's review.

On November 3, 2006, Magistrate Judge Wier conducted an evidentiary hearing during which two Kentucky State Police officers testified and one witness, Ronnie Campbell[1], testified via telephone by agreement of the parties. Defendant did not testify during the hearing. On November 9, 2006, Magistrate Judge Wier issued his R&R wherein he recommends that the Court deny Defendant's motion.

In his objections, which have been reviewed *de novo*, Defendant argues that the Court should not adopt the R&R because it fails in several respects. First, Defendant

---

[1] Campbell was the passenger in Defendant's vehicle at the time of the traffic stop.

1

argues that the traffic stop was longer than necessary to effectuate the purposes of the stop and it was used as a rouse to conduct a full drug investigation. Second, Defendant argues that no probable cause existed to obtain a search warrant prior to the stop and none arose after the stop. Third, Defendant takes issue with the Magistrate Judge's recommendation that the officers acted in good faith and that the *Leon* good faith exception applies.

In the R&R, Magistrate Judge Wier makes several recommendations. First, he concludes that based on the uncontroverted testimony of Trooper Miller, the traffic stop was supported by the requisite reasonable suspicion. The Court agrees. It is undisputed that Defendant failed to use a proper turn signal. That traffic violation provided Miller with a basis to effectuate a traffic stop. The fact that the officers had the intent to conduct a drug investigation is irrelevant.

With respect to traffic stops, the Sixth Circuit has stated:

> [S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment.

*United States v. Bradshaw*, 102 F.3d 204, 210-211 (6th Cir. 1996) (citing *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993) (en banc). The probable cause determination turns on "what the officer knew at the time he made the stop." *Ferguson*, 8 F.3d at 391 (emphasis in original). *See also Whren v. United States*, 116 S.Ct. 1769, 1774-75 (1996) (holding that the constitutional reasonableness of traffic stops does not depend on the actual motivation of the officer involved, so long as the officer had probable cause to believe that a traffic violation had occurred).

In view of *Whren*, Trooper Miller's actual motivation is irrelevant. Defendant's

violation of K.R.S. § 189.380 provided Miller with a reasonable basis for the stop.

Defendant's objection to the length of the stop itself is without merit. As noted by Magistrate Judge Wier in his R&R, at the time the stop was made, Trooper Miller possessed the following facts:

1. Defendant had sold 2 ounces of crack to Source A approximately one month earlier;

2. Source A advised Miller that Defendant was traveling to Hazard with crack cocaine. Source A was a known reliable informant who had effectively worked about 250 drug cases during 2004-2005. Miller also knew that Source A's credibility had been specifically corroborated in this case by virtue of the prior controlled buy from Defendant in March, 2005;

3. Source B, who was also reliable, identified Defendant's vehicle as it entered the Hazard area.

Upon initiating the traffic stop, Miller immediately spoke the occupants and noticed that Defendant's fly was unzipped and Defendant kept tugging and pulling at his crotch area. These furtive movements, which occurred immediately upon Miller initiating contact with Defendant, gave Miller an additional basis to further his investigation.

After obtaining Defendant's consent to search the vehicle, Miller spoke with passenger Campbell who advised that the dope was on the defendant's person and that the defendant had it on him. Although Defendant challenges that critical factual finding, Magistrate Judge Wier's explanation for crediting the testimony of the officers over Campbell is sound and will not be disturbed by the undersigned.

Despite Defendant's assertions that no probable cause existed to either arrest him or obtain a search warrant for his person, the facts reveal otherwise. Based on the facts summarized by Magistrate Judge Wier at ¶ 14 of the R&R, thirty minutes into the traffic stop Miller possessed more than sufficient information to effectuate Defendant's arrest and

search him incident to that arrest. Although Miller decided to attempt to obtain a search warrant instead, the Court, as recommended by Magistrate Judge Wier (*see* R&R at ¶ 25, p. 17), concludes that probable cause existed to arrest Defendant. Because probable cause existed to arrest Defendant, the officers would have been justified in searching him incident to that arrest. The fact that they chose to pursue to a search warrant does not alter the Court's probable cause conclusion.

The Court also agrees with Magistrate Judge Wier's recommendation that the four corners of the application and affidavit in support of the warrant lacked probable cause. The three paragraphs set forth in ¶ 21 of the R&R are simply inadequate to satisfy the probable cause requirement. Although the officers had possession of more than sufficient information to establish probable cause for the issuance of a search warrant, the affiant did not include those facts in his affidavit. However, as recommended by Magistrate Judge Wier, this failure does require exclusion of the evidence in this case.

Defendant's final objection to the R&R, to wit, that the *Leon* good-faith exception should not save the otherwise unlawful search, is misplaced for two primary reasons. First and as previously discussed, because the officers had probable cause to arrest Defendant at the moment they decided to transport him the KSP Post, they could have lawfully searched him at that moment incident to arrest. This provides an independent basis for upholding the search. The fact that the officers chose to attempt to obtain a search warrant before searching him evidences their good faith. Second, the Court concludes, as recommended by the Magistrate Judge, that the *Leon* good faith exception validates the search and the officers' reliance on an otherwise invalid search warrant.

Upon consideration of the meticulous R&R and the objections thereto *de novo*, the Court concludes that Magistrate Judge Wier's factual findings are clearly supported by the record. Additionally, any objections to Magistrate Judge Wier's credibility assessments are misplaced and will be overruled. The Court agrees with Magistrate Judge Wier's recommended factual findings and conclusions of law.

Accordingly, **IT IS ORDERED AND ADJUDGED** as follows:

(1) Defendant's objections to the Report and Recommendation of the Magistrate Judge be, and are, hereby **overruled**;

(2) The Factual Findings of the Magistrate Judge in his Report and Recommendation be, and are, hereby **adopted** as the Factual Findings of the Court;

(3) The Magistrate Judge's Conclusions of Law be, and are hereby **adopted** as the Court's Conclusion of Law;

(4) Defendant's motion to suppress evidence (Doc. # 33) be, and is hereby **denied**;

(5) The time period from October 20, 2006 through the date of this Order, totaling 33 days, is deemed **excludable time** pursuant to Title 18, United States Code § 3161(h)(1)(F).

This 22nd day of November, 2006.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\London\06-84-Order-Adopting-R&R.wpd