**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL CASE NO. 09-7099-DLB-CJS**
**CRIMINAL NO. 06-cr-84-DLB-CJS**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**v.**                    **REPORT AND RECOMMENDATION**

**TERRENCE TYRON SMITH**                                                     **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On October 20, 2009, Defendant Terrence Tyron Smith (Smith) filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 89). The United States filed a Response (R. 93), to which Smith filed a Reply (R. 95). Having all relevant documents before the Court, the matter is now ripe for consideration and has been referred to the undersigned for preparation of a Report and Recommendation. 28 U.S.C. § 636(b). For reasons set forth below, it is recommended that Smith's § 2255 motion be **DENIED.**

**I.**     **Background**

On June 22, 2006, a grand jury returned an Indictment charging Smith with knowingly and intentionally distributing five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine); and knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack cocaine). (R. 1). On October 20, 2006, Smith filed a motion to suppress the evidence used to charge him on

the second count, but the District Court adopted the Report and Recommendation of the Magistrate Judge and denied the motion. (R. 33, 41, 55).

On November 28, 2006, Smith entered into a written Plea Agreement whereby he agreed to plead guilty to the first count of distributing five grams or more of cocaine base, and agreed to enter a conditional guilty plea to the second count of possessing with intent to distribute five grams or more of cocaine base, reserving his right to appeal the District Court's denial of his motion to suppress evidence. (R. 59, 65, at 1). In exchange for the guilty pleas, the United States agreed to a two-level reduction in Smith's offense level for his acceptance of responsibility. (R. 59, 65, at 3). In addition, the Plea Agreement specifically provided:

> With the exception of the Defendant's right to appeal the District Court's denial of his pretrial motion to suppress, the Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence, including any order of restitution, that does not exceed 120 months of imprisonment.

(R. 59, 65, at 3-4).

On November 28, 2006, Smith appeared before the District Court for rearraignment and formally entered a guilty plea to count one and a conditional guilty plea to count two. (R. 58). On March 7, 2007, Smith appeared before the District Court for sentencing and the Court formally accepted Smith's written Plea Agreement. (R. 81, at 10). As a result of two prior, unrelated convictions for controlled substances, the Court determined that Smith was a career offender, which resulted in a Guideline range of 292 to 365 months. (R. 81, at 9-10). After conducting an analysis under 18 U.S.C. § 3553(a), the District Court sentenced Smith below the Guideline range to a 240-month term of imprisonment, to be followed by an eight-year term of supervised release. (R. 81, at 20-21).

On March 16, 2007, Smith filed a Notice of Appeal to the Sixth Circuit Court of Appeals. (R. 71). The Sixth Circuit appointed counsel to represent Smith on appeal. (R. 80). On December 2, 2008, the Sixth Circuit Court of Appeals affirmed the District Court's denial of Smith's motion to suppress and its determination that Smith was a career offender. (R. 83).

On October 20, 2009, Smith filed the pending motion pursuant to 28 U.S.C. § 2555. (R. 89). Smith's motion presents two grounds for relief: (1) that he was denied the effective assistance of counsel at various stages of his case in violation of his Sixth Amendment right to counsel; and (2) that he was improperly sentenced under 18 U.S.C. § 3553(a).

**II.     Analysis**

To obtain habeas relief under 28 U.S.C. § 2255, Smith must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, Smith "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993)). To prevail on § 2255 motion alleging a non-constitutional error, Smith "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962))).

**A.     Defendant's Valid Waiver Bars Collateral Attack of His Conviction**

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. Here, Smith expressly waived his right to collaterally attack his conviction by executing the Plea Agreement.[1] Therefore, absent exceptional circumstances, Smith's present § 2255 motion on issues regarding his conviction are barred by the express terms of his Plea Agreement.

A waiver is a "relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). It is well established that even a constitutional right may be waived, as long as a defendant knowingly and voluntarily entered into the plea agreement. *See, e.g., United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Further, a waiver in a plea agreement is presumed to be knowing and voluntary when a defendant testified that the guilty plea was not coerced and that he reviewed and understood the terms of the agreement. *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collateral attack bars such relief. *See Davila*, 258 F.3d at 451; *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The exception to this rule is where the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson*, 165 F.3d at 489).

Smith argues that his guilty plea was invalid because his counsel failed to advise him of the constitutional rights that he would be relinquishing by pleading guilty. (R. 89-1, at 13). Smith also argues that the waiver was invalid because his counsel did not inform him that he was waiving the right to directly appeal and collaterally attack his conviction and sentence. (R. 89-1, at 13-14).

---

[1] Smith also waived the right to collaterally attack any sentence that did not exceed 120 months of imprisonment. Since Smith was sentenced to 240 months, he did not waive his right to collaterally attack his sentence. (R. 65).

4

Smith contends that had he understood the rights he was waiving, he would not have pled guilty. (R. 89-1, at 13-14; 95, at 3-6).

The transcript of the rearraignment proceedings rebuts Smith's claim, and instead establishes that Smith's plea was knowing and voluntary. During the plea colloquy, Smith affirmatively represented to the Court that he had read the Agreement and discussed it with his attorney. (R. 82, at 7-8, 13-14). He also confirmed that it was his signature on the Agreement. (R. 82, at 7). Further, Smith verified that no one had made any promises to him that were not contained in the Agreement, and that it represented the entire agreement between the parties. (R. 82, at 8). In addition, he stated that no one had threatened or forced him to plead guilty. (R. 82, at 8-9).

In addition to the written Agreement, the Assistant United States Attorney, pursuant to the District Court's request, orally advised the Court and the Defendant of the contents of the Plea Agreement in open court (R. 82, at 9-13), including the waiver provision, as follows:

> Paragraph eight, with the exception of the defendant's right to appeal the district court's denial of his pretrial motion to suppress, the defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The defendant also waives the right to appeal and the right to attack collaterally any sentence, including any order of restitution, that does not exceed 120 months of imprisonment.

(R. 82, at 12-13). After the Assistant United States Attorney summarized its terms, Smith confirmed that he understood the terms of the Agreement as outlined. (R. 82, 13-14).

Furthermore, the District Court drew specific attention to the waiver provision to ensure that Smith fully understood its meaning:

> THE COURT: All right. Now, both sides retain the right to appeal in most cases, but in . . . paragraph eight, it states that with the exception of your right to appeal the Court's denial of your pretrial motion to suppress evidence, the defendant waives the right to appeal and the right to collaterally attack the guilty plea and conviction. You also waive the right to appeal and collaterally attack any sentence that does not exceed 120 months. Do you understand that?

5

>THE DEFENDANT: Yes, sir.
>
>THE COURT: And you have spoken about your waiver in paragraph eight with your attorney?
>
>THE DEFENDANT: Yes, sir.
>
>. . . .
>
>THE COURT: You're also giving up your right to file what's called a collateral attack, that is a motion to vacate based upon some constitutional or alleged constitutional violations. Do you understand that?
>
>THE DEFENDANT: Yes, sir.
>
>. . . .
>
>THE COURT: Okay. The Court finds that the waiver of appeal, the limited waiver of appeal, and the waiver of collateral attack is a knowing and voluntary waiver and that Mr. Smith understands the consequences of the waiver.

(R. 82, at 26-28).

The Court also advised Smith of the constitutional rights that he was waiving by pleading guilty, including the right to trial by jury, the right to confront adverse witnesses, and the right against self-incrimination. (R. 82, at 29-30). At the conclusion of a full and complete Rule 11 colloquy, the Court concluded that Smith was competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of a plea, and that his plea was knowing and voluntary. (R. 82, at 35).

Smith argues that the waiver was not knowing because his attorney did not adequately advise him of the rights he was relinquishing. However, even if his attorney failed to inform him of the consequences of the waiver, the record is clear that the District Court adequately advised him of the rights he was waiving and Smith acknowledged he understood that by entering into the Plea

6

Agreement he was waiving these rights. (R. 82, at 26-30). Accordingly, this Court, after reviewing the rearraignment transcript, finds that Smith's waiver was knowing and voluntary.

As the Court finds that Smith knowingly, intelligently, and voluntarily waived his right to collaterally attack his guilty plea, his valid waiver bars any challenge to his plea and conviction in his § 2255 Motion. Therefore, Smith's claim that his guilty plea was invalid is barred.

### B. Defendant's Sentencing Argument Lacks Merit.

Smith asserts as "ground two" of his motion that his '[s]entence did not comply with 18 U.S.C. § 3553(a)." (R. 89, at 5). He does not, however, further discuss this claim or explain the basis for his argument. Further, Smith did not raise this issue on appeal. Smith's failure to raise the issue on direct appeal requires that he show cause for the default and prejudice, or demonstrate actual innocence. *See Bousley v. United States,* 523 U.S. 614 (1998). Smith has not presented any argument to establish either exception.

Despite Defendant's failure to articulate the basis for his claim, this Court has reviewed the sentencing transcript and finds the District Court conducted a thorough analysis under 18 U.S.C. § 3553(a). In fact, the District Court sentenced Smith below the Guideline range. Smith has not met his burden of establishing a basis for obtaining collateral review on this issue. Accordingly, it is recommended that the District Court deny this claim.

### C. Defendant's Ineffective Assistance of Counsel Claims Lack Merit.

In his § 2255 Motion, Smith alleges that his counsel was ineffective for the following reasons: (1) his first counsel attempted to force him into entering a guilty plea; (2) counsel did not adequately argue that he did not qualify as a career offender during sentencing; (3) counsel did not inform him, before sentencing, that his sentence could be longer due to the career offender enhancement; (4) his appellate counsel failed to timely file a writ of certiorari to the United States

7

Supreme Court; (5) his appellate counsel had "insufficient communication" with him; and (6) counsel failed to file a post-conviction motion to reduce his sentence based on the crack cocaine amendment to the Sentencing Guidelines. (R. 89-1). Although it is arguable that some of these claims are barred by Smith's valid waiver, the Court nonetheless will analyze each claim. As discussed below, Smith has failed to demonstrate that his counsel's performance violated his Sixth Amendment right to counsel.

The Supreme Court has established a two-prong test for ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires a showing that counsel's performance was deficient. *Id.* The standard for determining whether counsel's performance was deficient is whether "in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Id.* at 690. Furthermore, there is a strong presumption that counsel's performance was adequate. *Id.* Thus, the defendant must rebut the presumption that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The second prong of the *Strickland* test requires a showing of prejudice. *Id.* at 687. To establish the prejudice prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The *Strickland* standard is applicable to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Although the deficiency prong is the same in the guilty plea context, the prejudice prong has a different focus. *Id.* at 58-59. Applying the second prong, or prejudice requirement, of *Strickland* to a guilty plea requires a determination of whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In addition, even if the defendant asserts that he would not have pled

8

guilty had the attorney advised him of a potential defense, the defendant must also demonstrate that the defense would have likely succeeded at trial. *Id.*

1. **Any Error By Smith's First Counsel did not Prejudice Smith.**

Smith argues that his "[f]irst trial counsel [Mr. Payne] was ineffective for attempting to rush Defendant into a plea he didn't even understand." (R. 89-1, at 22). Smith admits, however, that, despite the alleged pressure from his first counsel, he did not enter into a plea agreement while Mr. Payne was representing him. (R. 89-1, at 23). Furthermore, Smith admitted that he terminated Mr. Payne's representation of him, and obtained new counsel. (R. 89-1, at 23-24). In fact, Smith stated in his motion that his new counsel, Mr. Harris, "worked at this case and did most parts very well" and that he was satisfied with how Mr. Harris was able to negotiate a conditional guilty plea. (R. 89-1, at 23). Since Smith cannot establish he was prejudiced by his first counsel's alleged undue pressure, he cannot meet his burden under *Strickland* and this claim fails.

2. **Counsel was Not Ineffective in Arguing Against a Career Offender Designation.**

Smith argues that his attorney, Mr. Harris, did not effectively argue that he should not be designated a career offender. Smith appears to argue that he does not qualify as a career offender for two reasons: (1) his prior convictions were related because they were consolidated for sentencing (R. 89-1, at 22); and (2) his prior convictions did not qualify under U.S.S.G. § 4B1.1 because they were not admitted or proven to a jury (R. 89-1, at 15).

This Court has reviewed the record, including the transcripts of the rearraignment and sentencing hearings, and finds that counsel argued against the career offender designation. Specifically, the record demonstrates that Smith's counsel filed Objections, objecting to the probation officer's recommendation that Smith be classified as a career offender. (R. 63 & R. 81,

9

at 4). At the sentencing proceeding, Smith's counsel argued that the convictions were related because they were consolidated for sentencing, but the Court rejected that argument. (R. 81, at 4-10). Under *Strickland*, if counsel's performance is "within the range of professionally competent assistance," then the client has no valid ineffective assistance of counsel claim. *Id.* at 690. Here, the Court finds that Mr. Harris made a good faith argument that Smith should not be designated a career offender. His performance is not deemed deficient simply because the Court disagreed. This Court finds that Smith has failed to establish that his counsel's performance fell below a reasonable professional standard, and instead finds that counsel diligently pursued this issue.

Similarly, Smith's argument that his counsel should have argued that his prior convictions did not qualify as controlled substance offenses under U.S.S.G. § 4B1.1 is misplaced. Smith argues that *Shepard v. United States,* 544 U.S. 13, 16 (2005)*,* prohibits a court from applying a sentencing enhancement based on a prior state court conviction unless the facts at issue have been resolved by a jury. Smith fails to recognize, however, that *Shepard* is inapplicable when a court can determine that prior convictions qualify for a federal sentence enhancement based solely on the statutory definitions of the crimes or a defendant's admissions. *See United States v. Higgins*, 557 F.3d 381, 398 (6th Cir.)*, cert. denied*, __ U.S. __, 120 S. Ct. 817 (2009).

The United States Sentencing Guidelines define a career offender as: (1) one who is at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Smith argues that a jury did not find that his prior crimes involved controlled substances and that *Shepard* prohibits the court from so finding. Here, however, Smith admitted in the Plea Agreement, that his prior offenses included two convictions of first degree trafficking in

10

a controlled substance, and one conviction of complicity to first degree trafficking in a controlled substance. (R. 65, at 3). Under the Guidelines, "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance." U.S.S.G. § 4B1.2(b). Thus, given Smith's admissions in the Plea Agreement, his prior convictions are controlled substance offenses. Because Smith's argument that his prior offenses did not qualify under U.S.S.G. § 4B1.1 is meritless, he was not prejudiced by his counsel's failure to raise the argument.

Moreover, Smith raised the issue of his career offender status in his direct appeal, wherein the Sixth Circuit rejected his argument and affirmed the District Court. *United States v. Smith*, 549 F.3d 355, 361-63 (6th Cir. 2008). Smith is attempting to relitigate this issue by reframing it as a claim for ineffective assistance of counsel. *See Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974). As explained above, however, this Court finds counsel's performance met constitutional standards.

### 3. Smith was Informed of the Possibility that He Might Be Classified As a Career Offender.

Smith argues that his counsel was ineffective for not advising him before he entered into the Plea Agreement that his sentence could be enhanced if the District Court found him to be a career offender. (R. 89-1, at 16). Smith argues that he was unaware of the career offender enhancement until he read the presentence report. (R. 89-1, at 16, 24).

The Court finds, however, that the record establishes Smith was aware of the career offender enhancement prior to sentencing. During his rearraignment, the District Court advised Smith that there was a possibility that he would be deemed a career offender. (R. 82, at 20-23). The Court read the language of U.S.S.G. § 4B1.1(a) and informed Smith that it appeared that his prior offenses

11

qualified and that the only issue would be whether the prior offenses were related. (R. 82, 21-22). Smith's counsel also confirmed, during the rearraignment, that he had previously discussed the consequences of a career offender designation with Smith. (R. 82, at 22). After discussing the career offender designation with Smith in great detail, the District Court specifically advised Smith, "If you are deemed to be a career offender . . . you're not going to be able to withdraw your guilty plea. Do you understand that?" to which Smith replied, "Yes, sir." (R. 82, at 23). Accordingly, the record clearly contradicts Smith's assertion that he was unaware of the career offender designation before he appeared for sentencing.

Smith has failed to meet the prejudice standard because he cannot demonstrate that there was a reasonable probability that he would not have pled guilty if he had known about the career offender enhancement. Instead, the record clearly demonstrates that Smith was well aware of the career offender provision before the District Court accepted his guilty plea. Therefore, Smith has not met his burden of establishing ineffective assistance of counsel on this claim.

### 4. Appellate Counsel Was Not Ineffective for Failing to File a Petition for Writ of Certiorari.

Smith argues that his appellate counsel was ineffective for failing to file a petition for writ of certiorari to the United States Supreme Court. The Court finds that Smith's argument lacks merit.

First, Smith has failed to demonstrate that his counsel was deficient for failing to file a petition for a writ of certiorari. The record demonstrates that counsel considered filing a petition in the Supreme Court, but ultimately concluded that there were no viable claims. (R. 93-1). Further, the record demonstrates that, with sufficient time remaining to file the petition, counsel notified Smith that she would not file the petition and provided him with the contact information of an

attorney who might agree to help him. (R. 93-1, 93-10, & 93-11). Thus, the Court finds that counsel's conduct was well within "the range of professionally competent assistance."

Moreover, Smith fails to demonstrate that counsel's failure to file a petition for a writ of certiorari to the Supreme Court constitutes ineffective assistance of counsel because there is no constitutional right to the assistance of counsel for filing discretionary appeals. *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir.), *cert. denied*, __ U.S.__, 130 S. Ct. 277 (2009) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)). Accordingly, counsel's failure to file for Supreme Court review cannot constitute ineffective assistance of counsel. *Id.* at 249-50.

### 5. Appellate Counsel's Level of Communication was not Deficient.

Smith further contends that his appellate counsel was ineffective for not sufficiently communicating with him. (R. 89-1, at 25). The Court rejects this argument because it is conclusory and non-specific. Without making any specific factual allegations regarding his counsel's failure to communicate, Smith concludes that she had insufficient contact with him. (*Id.*) Accordingly, Smith has not demonstrated how his appellate counsel was deficient.

Furthermore, a client's subjective dissatisfaction with his attorney does not amount to a valid ineffective assistance of counsel claim. *United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984). "If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance." *Id.*

Likewise, Smith has failed to prove that he was prejudiced by any lack of communication with his appellate counsel. He claims that if there had been better communication, he would have explained to counsel that he wanted to appeal the validity of his guilty plea. (R. 89-1, at 25). As discussed above, however, Smith's valid waiver barred him from appealing his guilty plea. Therefore, Smith cannot demonstrate that he was prejudiced by not having the opportunity to

13

disclose this information to his appellate counsel. Accordingly, the Court finds that Smith has failed to prove that his counsel was deficient or that he was prejudiced by any lack of communication.

> 6. **Counsel's Failure to File a Post-Conviction Motion to Reduce Sentence Based on the Crack Cocaine Amendment Does Not Constitute Ineffective Assistance.**

Smith argues that his appellate counsel was ineffective for failing to file a post-conviction motion to reduce his sentence based on the crack cocaine amendment to the Sentencing Guidelines. (R. 89-1, at 25-26). Again, Smith's claim is without merit.

Smith has failed to demonstrate that his counsel's performance was deficient under *Strickland*. The record indicates that at Smith's request, his appellate counsel investigated whether he was eligible for a sentence reduction under 18 U.S.C. § 3582(c) and Amendment 715 of the Sentencing Guidelines. (*See* R. 93-1, 93-7, & 93-8). Specifically, counsel wrote a letter to Smith's probation officer inquiring about his eligibility (R. 93-7), and the officer responded that Smith was ineligible for a reduction in the sentencing calculation because he was sentenced as a career offender. (R. 93-8). Under *Strickland*, counsel is only required to make a reasonable investigation and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690-91. Counsel made a strategic decision not to file the motion after reasonable investigation; thus, her performance was objectively reasonable.

Furthermore, Smith cannot establish the prejudice element because the Sixth Circuit has held that a defendant who is sentenced as a career offender is not eligible for a sentencing reduction based on the retroactive amendment to the Sentencing Guidelines known as Amendment 706. *United States v. Bridgewater*, ___ F.3d ___, No. 09-5303, 2010 WL 2292166, *2 (6th Cir. June 9, 2010) (citing *United States v. Curry*, __ U.S. __, 2010 WL 550663, at *2 (6th Cir. Feb. 17, 2010); *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 1537

(2010). "This is true even where a defendant was granted a downward departure from the career offender Guideline." *Id*. (citing *Perdue*, 572 F.3d at 290). Thus, Smith's claim for ineffective assistance of counsel for failing to file a motion for a sentencing reduction based upon the Amendment has no merit.

## III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is

recommended that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 89) be **DENIED,** and that this action be **DISMISSED** from the active docket of this Court. **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order in this matter.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 30th day of June, 2010.

G:\DATA\USA-v-Smith.wpd

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**