**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL CASE NO. 09-7099-DLB-CJS
CRIMINAL NO. 06-cr-84-DLB-CJS**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**VS.**         <u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

**TERRENCE TYRON SMITH**                                              **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant's pro se Motion to Vacate, Set Aside, or Amend Conviction and Sentence Pursuant to 28 U.S.C. § 2255. (Doc. # 89). Defendant's motion was fully briefed (Doc. # 89, 93, 95), and consistent with local practice was referred to Magistrate Judge Candace J. Smith to prepare a Report & Recommendation (R&R) (Doc. # 96). The Magistrate Judge reviewed the motion and issued an R&R on June 30, 2010 recommending that Defendant's motion be denied. (Doc. # 98).

On August 16, 2010 Defendant filed a pro se objection to the R&R (Doc. # 101) and a pro se application for certificate of appealability (Doc. # 102). No responses were filed, and the time to do so has now expired. Therefore the Motion to Vacate and application for certificate of appealability are ripe for review. As required, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant has objected. 28 U.S.C. § 636(b)(1). Because Defendant has raised no argument not contained in his Motion to

Vacate or addressed by the Magistrate Judge in the R&R; and because the Court concurs with the Magistrate Judge's recommended disposition, the R&R will be adopted in full and the Motion to Vacate **denied.**

Defendant Smith raised one broad objection to the Magistrate Judge's R&R. Referring to pages 9-10 of the R&R, Defendant stated that "the Magistrate did not address the main thrust of [Defendant's] argument" that a career offender designation "should be made based upon findings meeting the 'preponderance of evidence standard' made by a jury." (Doc. # 101 at 2). Defendant Smith further asserted that his Motion to Vacate "addressed specific requirements that must be met before a career criminal sentence enhancement can be determined and applied" and his counsel was ineffective in failing to argue that Smith did not satisfy these "specific requirements." (Doc. # 101 at 2).

In *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991), the Sixth Circuit held that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." The Court reasoned that general objections fail to focus the district court's attention "on any specific issues for review, thereby making the initial reference to the magistrate useless." *Id.* In *Miller v. Currie*, 50 F.3d 373, 380 the Sixth Circuit subsequently decided that "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." (citing *Howard*, 932 F.2d at 509).

Here, Defendant asserted that "the Magistrate did not address the main thrust of Smith's argument" regarding his designation as a career offender. Notably, Defendant did not allege that the Magistrate Judge's recommendation was improper, only that it did not adequately address his argument. Though this is an arguably general objection, the Court

2

will nonetheless attempt to discern and address it.

As best the Court can surmise, the substance of Defendant's objection is that the Magistrate Judge failed to adequately address his argument that his counsel was ineffective in arguing against a career offender designation. Specifically, Defendant appears to argue that determinations for sentencing enhancements should only "be made based upon findings meeting the 'preponderance of the evidence standard' made by a jury" and his attorney's failure to make this argument led to Defendant being improperly designated a career offender. (Doc. # 101 at 2).

Contrary to Defendant's contentions, the Magistrate Judge specifically addressed these arguments in her R&R. The R&R explicitly acknowledged Defendant's position: "Smith argues that *Shephard v. United States*, 544 U.S. 13, 16 (2005), prohibits a court from applying a sentencing enhancement based on a prior state court conviction unless the facts at issue have been resolved by a jury." (Doc. # 98 at 10). The R&R then observes that "Smith fails to recognize, however, that *Shephard* is inapplicable when a court can determine that prior convictions qualify for a federal sentence enhancement based solely on the statutory definitions of the crimes or a defendant's admissions." (Doc. # 98 at 10). Here, the Magistrate Judge found that "Smith admitted in the Plea Agreement, that his prior offenses included two convictions of first degree trafficking in a controlled substance, and one conviction of complicity to first degree trafficking in a controlled substance." (Doc. 98 at 11). After reviewing the Sentencing Guidelines, the Magistrate Judge concluded that "Smith's argument that his prior offenses did not qualify under U.S.S.G. § 4B1.1 is meritless" and, consequently, the Magistrate Judge determined that Smith "was not prejudiced by his counsel's failure to raise the argument." (Doc. # 98 at 11). Therefore,

Defendant's ineffective assistance of counsel claim failed.

Further, to the extent that Defendant's objection contests the merits of the Court's career offender designation, it is unavailing for the reasons the Magistrate Judge provided in her R&R. First, Defendant's argument that he should not have been designated a career offender has already failed on the merits—twice. This Court initially found that Defendant was a career offender, then on appeal the Sixth Circuit decided that "the district court properly . . . determined that [Defendant] was a career offender." *U.S. v. Smith*, 549 F.3d 355, 363 (6th Cir. 2008). Second, Defendant's argument fails on procedural grounds. The Sixth Circuit has held that a § 2255 motion may not be employed to relitigate issues raised and considered on direct appeal. *See Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974). If Defendant is objecting to the merits of the Court's career offender designation—as it appears he is—then *Stephan* provides grounds for the Court to deny relief because Defendant is attempting the relitigate the same issue raised and rejected on direct appeal. Finally, as the Magistrate Judge's R&R concludes, because Defendant's argument is meritless, he cannot show that his counsel's alleged ineffectiveness was prejudicial, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the U.S. Supreme Court's decision establishing a two-prong test for ineffective assistance of counsel claims.

After a de novo review of Defendant's objection, and the Court being otherwise sufficiently advised, **IT IS ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation (Doc. # 98) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

2. Defendant's Motion to Vacate, Set Aside, or Amend Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 89) is **DENIED**;

3. For the reasons set forth in the Magistrate Judge's Report and Recommendation (Doc. # 98) and in this Order, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, Defendant's application for certificate of appealability is **DENIED**; and

4. This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

This 21st day of December, 2010.

Signed By:
*David L. Bunning*    DB
United States District Judge

G:\DATA\ORDERS\London\06-84-Adopt R&R.wpd